IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR MCELROY,  )<br>  )<br>        Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>  )<br>PATIENT SELECTION COMMITTEE  )<br>OF THE NEBRASKA MEDICAL  )<br>CENTER, et al.,  )<br>  )<br>        Defendants.  ) | 4:06cv3162<br><br>ORDER on INITIAL REVIEW |

      This matter is before the court for initial review of the complaint filed by the plaintiff, Arthur McElroy, a prisoner. The plaintiff brings this action to recover injunctive relief for violations of Title III of the Americans with Disabilities Act ("ADA")[1] from the defendants who, according to the complaint, have unlawfully excluded the plaintiff from eligibility for a kidney transplant at the University of Nebraska Medical Center.

      I find that this case need not be dismissed on initial review. As initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. As the plaintiff has not applied to proceed in forma pauperis ("IFP"), the U.S. Marshal cannot serve process on the defendants, and the plaintiff will have to arrange for service of process.

      IT IS THEREFORE ORDERED:

---

[1] Title I of the ADA prohibits employment discrimination against the disabled, 42 U.S.C. § 12112. Title II forbids discrimination against the disabled in services and programs offered by public entities, 42 U.S.C. § 12132. Title III bans such discrimination in public accommodations engaged in interstate commerce, 42 U.S.C. §§ 12182 *et seq*.

      Similarly, "[s]ection 504 of the Rehabilitation Act provides in relevant part that '[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]' 29 U.S.C. § 794. 'To prevail on a claim under § 504, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) he was discriminated against based on his disability.' <u>Gorman v. Bartch</u>, 152 F.3d 907, 911 (8th Cir. 1998) (footnote omitted) (citing § 794(a))." <u>Wojewski v. Rapid City Regional Hosp., Inc.</u>, 450 F.3d 338, 344 (8th Cir. 2006).

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide; the Clerk is directed to provide the plaintiff with four summons forms (one for each named defendant).

2. The plaintiff shall, as soon as possible, provide the Clerk of Court with the completed summons forms so that the Clerk may sign the forms and return them to the plaintiff. In the absence of the completed forms, service of process cannot occur.

3. When served on a defendant, each summons must be accompanied by a copy of the complaint.

4. The plaintiff may serve the summons and complaint on each defendant by any method permitted under Fed. R. Civ. P. 4, e.g., by certified mail, by process server, by obtaining a Waiver of Service of Summons signed by the defendant. The forms for waiver of service are published with the Federal Rules of Civil Procedure, which are available at any law library and from the court upon request.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been entered by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. After receipt of a summons, a defendant has the time allowed by Rule 12 of the Federal Rules of Civil Procedure to file responsive pleadings or motions.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 18th day of July, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge